UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA GRANADOS,  )  )         Plaintiff,  )  )   VS.  )  )  WAL-MART STORES, INC., ET AL.,  )  )         Defendants.  ) | CIVIL ACTION NO.  3:14-CV-3860-G |

MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion for summary judgment (docket entry 15).  For the reasons discussed below, the motion is granted.

I. BACKGROUND

The plaintiff, Maria Granados ("Granados"), brings this premises liability claim against the defendant, Wal-Mart Stores Texas, LLC ("Wal-Mart"),[1] for a slip-and-fall that occurred at Wal-Mart's store located at 13739 North Central Expressway, Dallas, Texas 75243.  Defendant's Brief in Support of its No-Evidence Motion for

---

[1] Wal-Mart maintains that Granados improperly named Wal-Mart Stores, Inc. as a defendant.  Defendant's Brief at 1.  In her response brief, Granados does not address this issue and uses the singular term "defendant" throughout the brief.  *See* Response Brief (docket entry 21).  The court therefore concludes that Wal-Mart Stores Texas, LLC is the only proper defendant in this case.

Summary Judgment ("Defendant's Brief") at 1 (docket entry 16). On August 3, 2013, Granados was heading towards a checkout lane in the store when she rounded a display and then slipped on a puddle of water. Video of Incident (Dome ID: 0005 between 7:45:38 pm and 7:45:59 pm), Tab No. 11 to Plaintiff's Appendix (docket entry 22).

On September 5, 2014, over a year after the incident, Granados filed this suit in the 14th District Court, Dallas County, Texas. *See* Plaintiff's Original Petition *attached to* Notice of Removal (docket entry 1). Wal-Mart filed its original answer in state court and then removed the case to this court. *See* Notice of Removal. Once in federal court, Granados filed an amended complaint (docket entry 8). Wal-Mart then answered (docket entry 12) the amended complaint.

Five months later, Wal-Mart filed the summary judgment motion (docket entry 15) currently pending before the court. Granados filed a timely response (docket entry 20), to which Wal-Mart filed a timely reply (docket entry 23). The motion is now ripe for consideration.

## II. ANALYSIS

### A. Legal Principles

#### 1. *Summary Judgment Standard*

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is *'genuine'* if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158–59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record

that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

2. *Premises Liability Under Texas Law*

A plaintiff who qualifies as an invitee (*i.e.*, "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citations omitted), must prove four elements to succeed on a premises liability claim against the owner:

> (1) a condition on the premises created an unreasonable risk of harm to the invitee;
>
> (2) the owner knew or reasonably should have known of the condition;
>
> (3) the owner failed to exercise ordinary care to protect the invitee from danger; and
>
> (4) the owner's fault was a proximate cause of injury to the invitee.

*Fort Brown Villas III Condominium Association, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (citation omitted). Wal-Mart does not contest Granados's status as an invitee or elements (3) and (4). *See* Defendant's Brief at 3-5. Of the remaining two elements, the court finds element (2) conclusive.

A plaintiff can demonstrate either the owner's actual or constructive knowledge of a dangerous condition. *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992). In slip-and-fall cases, a plaintiff establishes actual knowledge by proving "the defendant placed the substance on the floor [or] actually knew that the substance was on the floor . . .." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time." *Sturdivant v. Target Corporation*, 464 F. Supp. 2d 596, 602 (N.D. Tex. 2006) (Lynn, J.) (citing *Reece*, 81 S.W.3d at 815). "Texas adopted this 'time-notice' rule because 'temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'" *Id.* (quoting *Reece*, 81 S.W.3d at 816).

B. <u>Application</u>

Granados has proffered no evidence that Wal-Mart "placed the substance on the floor [or] actually knew the substance was on the floor . . .." *Reece*, 81 S.W.3d at 814. Therefore, she must demonstrate Wal-Mart's constructive knowledge, which first requires proving a length of time the substance was on the floor. Granados relied on the testimony of Mercedes Acosta ("Acosta") to make this showing. Plaintiff's

Response Brief at 8 (docket entry 21).  After watching the video of the incident, *see* Video of Incident (Dome ID: 0005 between 7:45:38 pm and 7:45:59 pm), Acosta testified that she did not see anybody spill anything in the relevant area during the five minutes that elapsed between the time she cleaned the area and the incident. Deposition of Mercedes Acosta (47:15-45:17), Tab No. 3 to Plaintiff's Appendix at 24.  The video and Acosta's testimony provide some evidence to support the conclusion that the water was on the ground for at least 5 minutes.[2]

While Granados presented some evidence to support the inference that the water was on the ground for at least five minutes, she failed to demonstrate that this was a reasonable amount of time to allow Wal-Mart to discover the puddle.  The video footage indicates that the approximately "6 inches by 4 or 5 inches" puddle on the floor was inconspicuous and clear.  Deposition of Sharon Laws (13:24-13:25), Tab No. 2 to Plaintiff's Appendix at 13-14 (the latter page includes two photos of the puddle prior to its cleanup); *see also* Video of Incident (Dome ID: 0007 between 7:55:26 pm and 7:55:56 pm).  In *Sturdivant*, this court "conclude[d] as a matter of

---

[2] The court recognizes that this evidence possesses weaknesses.  For example, "the floor where Plaintiff slipped is blocked by a display on the security video footage, and therefore, one cannot see the condition of the floor. . . .  Plaintiff also fails to indicate that the security video also shows several people walk through the area where Plaintiff slipped minutes prior to her slipping and after Ms. Acosta had already left the area."  Defendant's Reply Brief at 7 (docket entry 24).  These criticisms affect the weight of the evidence, but the court nevertheless concludes that a reasonable jury could determine the water was on the ground for at least five minutes.

law that Target did not have a reasonable opportunity to discover the water [because of] the low visibility of the water and the evidence that the water was on the floor for five minutes." 464 F. Supp. 2d at 603. The same conclusion follows from the evidence in this case.

The fact that Acosta cleaned the area five minutes prior to the incident does not support a different result. If anything, Acosta's failure to see the puddle highlights how inconspicuous it was. Angela Salmeron, assistant manager at the Wal-Mart store, conclusorily states that if she was within five feet of the puddle she "would [have] notice[d] it." Deposition of Angela Salmeron (44:1-45:6), Tab No. 1 to Plaintiff's Appendix at 6-7. However, absent evidence that "the dangerous condition is conspicuous" or that "an employee was in close proximity to a less conspicuous hazard for a *continuous and significant period of time*," *Reece*, 81 S.W.3d at 816 (emphasis added), *Sturdivant* controls the result here. Deeming Wal-Mart's failure to identify the puddle as unreasonable would "impose on [Wal-Mart] a duty to remedy hazardous conditions that are not detectable through the ordinary use of human faculties [and] would make [Wal-Mart] a general insurer of its customers' safety, a position that Texas courts have emphatically denounced." *Sturdivant*, 464 F. Supp. 2d at 603 (citation omitted).

III. <u>CONCLUSION</u>

For the reasons discussed above, the defendant's motion for summary judgment is **GRANTED**. Judgment will be entered for the defendant Wal-Mart.

**SO ORDERED**.

July 30, 2015.

_____
**A. JOE FISH**
**Senior United States District Judge**